UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

RAYMOND RHODES,

    Plaintiff,                                                  Case No. 2:21-cv-00313

v.

CAPITAL ACCOUNTS, LLC,

    Defendant.

                                        /

## COMPLAINT

**NOW COMES** RAYMOND RHODES ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of CAPITAL ACCOUNTS, LLC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statutes §559.55.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law FCCPA claim under 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Middle District of Florida, Plaintiff resides in the Middle District of Florida, and a substantial

portion of the events or omissions giving rise to the claims occurred within Middle District of Florida.

## PARTIES

5. Plaintiff is a natural person over 18-years-of-age and is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant Capital Accounts, LLC, is foreign limited liability with its principal address located in Franklin, Tennessee. The Defendant is engaged in the business of collecting consumer debts from consumers and is a "debt collector," as defined by the FDCPA 15 U.S.C. §1692a(6).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, vendors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. Around June 2020, Plaintiff had an appointment with Riverdale Dental, incurring expenses in the amount of approximately $153.00 ("subject debt").

9. Plaintiff believed the subject debt was taken care of through his insurance and copay. Plaintiff never received any word from the dental office that the debt was in default.

10. Sometime thereafter, Plaintiff allegedly defaulted on the subject debt.

11. Subsequently, Defendant acquired the right to collect on the subject debt.

12. On January 5, 2021, Defendant called Plaintiff's father twice in short succession.

13. During these calls, a representative of Defendant going by "Mike Anderson" ("Mike") spoke with Plaintiff's father. Mike disclosed both the nature and amount of the subject debt to Plaintiff's father.

14. Plaintiff's father suffers from a heart condition and was overcome with stress and anxiety. He immediately called Plaintiff about the subject debt.

15. Embarrassed, Plaintiff contacted Defendant. Plaintiff spoke with several representatives of Defendant, one of whom stated they would continue to contact Plaintiff's father.

16. Moreover, at no point has Plaintiff received a dunning notice.

## DAMAGES

17. Defendant's harassing conduct has severely disrupted Plaintiff's daily life and general well-being.

18. Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, embarrassment, emotional distress, mental anguish, anxiety, and loss of concentration.

19. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

21. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of defaulted debts owed to others and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

22. Moreover, Defendant is a "debt collector" because it acquired rights to the alleged subject debt after it was in default. 15 U.S.C. §1692a(6).

23. The alleged subject debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

24. Defendant used the phone and mail to attempt to collect the alleged subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

25. Defendant's communications to Plaintiff were made in connection with the collection of the alleged subject debt.

26. Defendant violated 15 U.S.C. §§1692b(1), b(2), c(a)(3), c(b), f, and g through its unlawful debt collection practices.

    **a. Violations of FDCPA § 1692b**

27. Defendant violated §1692b(1) contacted Plaintiff's father and disclosed who it was without that being requested.

28. Defendant violated §1692b(2) when it disclosed that Plaintiff owed a debt to a third party. Specifically, Plaintiff disclosed that Plaintiff owed a debt to his father.

    **b. Violations of FDCPA § 1692c**

29. Defendant violated §1692c(b) when it communicated with a third party in connection with the collection of a debt without the prior express consent of Plaintiff.

    **c. Violations of FDCPA § 1692f**

30. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt by contacting Plaintiff's father. Moreover, Defendant acted in an unconscionable way when it stated it would continue calling Plaintiff's father even after being put on notice that Plaintiff could not be reached at that number.

    d.  **Violations of FDCPA § 1692g**

31. Defendant violated §1692g through its initial communication by failing to properly inform Plaintiff as to Plaintiff's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer. Despite the foregoing, Defendant through its initial communication demanded payment of the subject debt from Plaintiff and failed to adequately send Plaintiff his right to dispute the validity of the subject debt within five days of the initial communication.

32. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through harassing and unconscionable means.

33. Upon information and belief, Defendant systematically attempts to collect alleged debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

34. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, RAYMOND RHODES, respectfully requests that this Honorable Court enter judgment in his favor as follows:
   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
   c. Enjoining Defendant from further communicating with Plaintiff;
   d. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
   e. Award any other relief as the Honorable Court deems just and proper.

    **COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**

35. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by Fla. Stat. § 559.55(8).

36. At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Fla. Stat. § 559.72.

37. At all times relevant to this Complaint, Defendant was and is a "person" as said term is defined under Fla. Stat. §1.01(3) and is subject to the provision of Fla. Stat. § 559.27 because said provision applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.51(1).

38. At all times material hereto, the debt in question was a "consumer debt" as said term is defined under Fla. Stat. § 559.55(6).

39. Defendant violated section 559.72(7) of the FCCPA through its unlawful conduct.

    a. **Violations of the FCCPA § 559.72(7)**

40. A person violates section 559.72(7) of the FCCPA when it willfully communicates with the debtor with such frequency as can reasonably be expected to harass the debtor, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor.

41. Defendant violated section 559.72(7) of the FCCPA when it contacted Plaintiff's father.

**WHEREFORE**, Plaintiff, RAYMOND RHODES, respectfully requests that this Honorable Court:

    a. Enter judgment in Plaintiff's favor and against Defendant;

    b. Award Plaintiff his actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

    c. Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

    d. Award Plaintiff and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

    e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77; and

    f. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: April 16, 2021

Respectfully Submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
Florida Bar No. 1013947
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com